UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRIS JONATHAN EPPERSON,

                         Plaintiff,

-against-

HOUSE OF ASSEMBLY; RUSSIA, PRESIDENT; CHINA, VICE PRESIDENT; CANADA, SECRETARY OF STATE; AUSTRIA, AMBASSADOR HEAD OF STATE; UNITED NATIONS; HOUSE OF COMMONS,

                         Defendants.

24-CV-6852 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in California, filed this action *pro se*. On September 19, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff brings this complaint invoking the Court's federal question and diversity jurisdiction. He sues the House of Assembly, Russia's President, China's Vice President,

Canada's Secretary of State, Austria's Ambassador "Head Of State," the United Nations, and the House of Commons. He alleges that the claims arose on October 17, 1942, at the "Federal Reserve Building." (ECF 1, at 5.)

In the fact section of the complaint, Plaintiff cites several United States federal statues, public laws, and federal regulations. In the injury section of the complaint, he states, "September 24, 1980 gun powder-plot nail in the coffin of the constitution had been violated by the action of the state legislature where the prohibition is against state laws impairing the obligation of contracts." (*Id.* at 6.) In the relief section, he states, "Adjudicated counterclaim against the United States of America for 500 Bullion each fiscal year on the operations of the United States Mint violating Article X of the United States Constitution." (*Id.*)

## DISCUSSION

Under the *in forma pauperis* statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint naming the several foreign leaders, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's factual allegations rise to the level of the irrational, and there is no legal theory on which he may rely. *See Livingston*, 141 F.3d at 437. Plaintiff's complaint must therefore be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").[1]

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i),

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 16, 2024
         New York, New York

                                                     /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                 Chief United States District Judge

---

[1] Because Plaintiff has filed numerous cases in this and other district courts that have been dismissed as frivolous, the Court ordered Plaintiff to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP without prior permission. *Epperson v. U.S. Gov't,* No. 24-CV-6658 (LTS) (S.D.N.Y. Sept. 20, 2024). Plaintiff filed this complaint before the Court issued that order.